## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                          **CASE NUMBER:**
**CYNTHIA WILLIAMS MIMS**                       **07-01797-5-ATS**
                                                **CHAPTER 13**

     **DEBTOR(S)**

### MINUTES OF 341 MEETING AND
### MOTION FOR CONFIRMATION OF PLAN

     **NOW COMES,** the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1.     That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on **NOVEMBER 1, 2007** or has (have) supplied answers to written interrogatories;

2.     The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3.     There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4.     The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5.     The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of: **8 MONTHS @ $600.00; 6 MONTHS @ $960.00; 41 MONTHS @ $916.00.** The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325 (b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325 (a)(4). **In this case, general unsecured creditors will receive:. $-0-.** The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court. The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6.    The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). **The Plan establishes the Unsecured Pool in this case as $-0-.** General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7.    Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before **DECEMBER 31, 2007** shall be disallowed. Claims of governmental units, proofs of which are not filed before **FEBRUARY 18, 2008** shall be disallowed.

8.    Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 9 below;

9.    The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1- Check Loan | Judgement on Land | $224.00 - Secured SCHEDULED AMT. | 10.25% int. within 55 months ($10.00 per mo.) NO POC FILED |
| 2- Vanderbilt | Mobile Home and Land | $31,000.00 - Secured $26,819.61 - Unsec. | 10.25% int. within 55 months ($615.58 per mo.) See Paragraph 5 Court Order dated 3/28/08 |
| 29- Caswell Co. Tax | Property Tax | $1,648.26 - Secured | 9.00% int. within 55 months ($36.68 per mo.) |

10.    The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral, the claims will be treated as unsecured and paid with other unsecured claims;

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| 21- Friedman's | Merchandise | $181.96 - Unsecured | NO SECURITY TO BE SURRENDERED |

11.    The treatment of claim indicated in paragraphs 9 and 10 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

12.    The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE | | |

13.    Priority claims shall be paid in full over the term of the Plan;

14.    That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;

15.    That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);

16.    That the attorney for the debtor(s) is requesting fees in the amount of $3,000.00. The Trustee recommends to the Court a fee of $3,000.00. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: May 22, 2008

           /s/ John F. Logan
           John F. Logan
           Standing Chapter 13 Trustee
           NC State Bar No. 12473
           PO Box 61039
           Raleigh, NC  27661-1039

REVISED 08-31-06

EXHIBIT "A"

NAME OF DEBTOR(S): **CYNTHIA WILLIAMS MIMS**          CASE NUMBER:  07-01797-5-ATS

GROSS INCOME:

EMPLOYMENT:          Debtor: Tiny Tots                    $1,521
                             Regular Contribution to Household     $  800


BUSINESS:                    NON-BUSINESS: X

Prior Bankruptcy Cases: Yes: X    No:
If so, Chapter filed: 13    Disposition: Dismissed 5/25/07

Real Property:  (Brief Description: Ex - H&L, mobile home, etc)
Description:       Mobile Home

| | | | |
|---|---|---|---|
| FMV | $31,000 | Date Purchased | |
| Liens | $32,648 | Purchase Price | $ |
| Exemptions | $   -0- | Improvements | $ |
| Equity | $   -0- | Insured for | $ |
| Rent | $   -0- | Tax Value | $ |

Description:       Land

| | | | |
|---|---|---|---|
| FMV | $ 2,726 | Date Purchased | |
| Liens | $32,872 | Purchase Price | $ |
| Exemptions | $ 2,502 | Improvements | $ |
| Equity | $   -0- | Insured for | $ |
| Rent | $   -0- | Tax Value | $ |

Tenants by Entirety:  Yes ()          No (X)

COMMENTS:

Attorney Fees:
Requested:              $3,000 (excluding filing fee)
Paid:                   $  200 (excluding filing fee)
Balance:                $2,800

Trustee's Recommendation: $3,000
Comments:       John T. Orcutt

Plan Information: After 341                                      Payout % After 341

| | | | | | |
|---|---|---|---|---|---|
| Total Debts | $68,099 | Pay in | * | Priority 100% | |
| Priority | $   -0- | Less 10% | * | Secured 100% | |
| Secured | $39,247 | Requested | | Unsecured *% | |
| Unsecured | $28,852 | Atty fee | $2,800 | Joint-0-% | |
| Joint Debts | $   -0- | Available | * | Co-Debts % | |
| Co-Debtor | $   -0- | | | | |

**\*See ¶ 5**

CONTINUED EXHIBIT "A"

Annual Review:          Yes:  () No: (X)
Payroll Deduction:      (X) Yes ( ) No

Objection to Confirmation:        Yes ()   No (X)
Pending:
Resolved:

Motions Filed:    Yes ()  No (X)
If so, indicate type and status:

Hearing Date:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**

IN RE:                                                    **CASE NUMBER:**
**CYNTHIA WILLIAMS MIMS**                                 **07-01797-5-ATS**
                                                         **CHAPTER 13**

   **DEBTOR(S)**

**<u>NOTICE OF MOTION FOR CONFIRMATION OF PLAN</u>**

  John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

  <u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

  If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before____**JUNE 16, 2008**____you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

**U.S. Bankruptcy Court**
**Eastern District of North Carolina**
**PO Box 1441**
**Raleigh, NC  27602**

  If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

  Your must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| | | |
|---|---|---|
| **John F. Logan** | **CYNTHIA WILLIAMS MIMS** | **JOHN T. ORCUTT, ESQ.** |
| **Chapter 13 Trustee** | **2556 SOLOMON LEA ROAD** | **6616-203 SIX FORKS ROAD** |
| **PO Box 61039** | **LEASBURG, NC 27291** | **RALEIGH, NC 27615** |
| **Raleigh, NC  27661-1039** | | |

  If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

  If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

  DATED:___May 22, 2008___

_/s/ John F. Logan_____
John F. Logan, Chapter 13 Trustee
PO Box 61039
Raleigh, NC  27661-1039
(919) 876-1355

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                          CASE NUMBER:
**CYNTHIA WILLIAMS MIMS**                        07-01797-5-ATS
                                                CHAPTER 13

     **DEBTOR(S)**

### CERTIFICATE OF SERVICE

I, Alison Dunham, of PO Box 61039, Raleigh, NC  27661-1039, do certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and

That I have this day served copies of the Minutes of 341 Meeting and Motion for Confirmation and Notice for Confirmation of Plan on the parties listed below by depositing a copy of the same in the United States Mail bearing sufficient postage.

I certify under penalty of perjury that the foregoing is true and correct.

### SEE ATTACHED MAILING MATRIX

**or, if such interested party is a Filing User, by serving such interested party by electronic transmission, pursuant to Local Rule 5005-4(9)(b).**

DATED:   May 22, 2008

                    /s/ Alison Dunham
                    Alison Dunham
                    Case Administrator
                    PO Box 61039
                    Raleigh, NC  27661-1039
                    (919) 876-1355

CYNTHIA WILLIAMS MIMS
2556 SOLOMON LEA ROAD
LEASBURG, NC  27291

NC DEPT OF REVENUE
C/O REGINALD S. HINTON
PO BOX 25000
RALEIGH, NC  27640-5000

JOHN T. ORCUTT
LAW OFFICES OF JOHN T. ORCUTT, PC.
6616-203 SIX FORKS ROAD
RALEIGH, NC  27615

ADVANCE AMERICA
C/O JOHN T. ORCUTT
6616-203 SIX FORKS RD
RALEIGH, NC  27615

CHECK LOAN
BURLINGTON, NC  27215

ASPEN
PO BOX 790215
SAINT LOUIS, MO  63179-0215

VANDERBILT MORTGAGE
PO BOX 742533
CINCINNATI, OH  45274-2533

CHECK EXCHANGE
C/O JOHN T. ORCUTT
6616-203 SIX FORKS ROAD
RALEIGH, NC  27615

NC CHILD SUPPORT
CENTRALIZED COLLECTIONS
PO BOX 900006
RALEIGH, NC  27675-9006

CHECK N' GO OF NC
PO BOX 204
MASON, OH  45040-0204

CASWELL COUNTY TAX COLLECTOR
139 E CHURCH ST.
YANCEYVILLE, NC  27379

CREDIT BUREAU OF GREENSBORO
POST OFFICE BOX 26140
GREENSBORO, NC  27402-6140

INTERNAL REVENUE SERVICE
ATTN: MANAGER OR REG. AGENT
PO BOX 21125
PHILADELPHIA, PA  19114

CREDIT ONE BANK
PO BOX 98873
LAS VEGAS, NV  89193

UNITED STATES ATTORNEY
310 NEW BERN AVENUE
RALEIGH, NC  27601-1461

CACH, LLC
370 17TH STREET
SUITE 5000
DENVER, CO  80202

NC DEPT OF REVENUE
ATTN: BANKRUPTCY UNIT
PO BOX 1168
RALEIGH, NC  27602-1168

COLLECT AMERICA
370 17TH STREET
DENVER, CO  80202

NC DEPT OF REVENUE
C/O NC DEPT OF JUSTICE
PO BOX 629
RALEIGH, NC  27602

ENHANCED RECOVERY CORP.
8014 BAYBERRY ROAD
JACKSONVILLE, FL  32256

ESC
PO BOX 26504
RALEIGH, NC 27611-6504

CASWELL COUNTY TAX COLLECTOR
139 CHURCH STREET EAST
YANCEYVILLE, NC 27379

FIRST SOUTHERN CASH ADVANCE
935 SUNSET AVENUE
CLINTON, NC 28328

JEFFERSON CAPITAL SYSTEMS, LLC
P O BOX 23051
COLUMBUS, GA 31902-3051

FRIEDMAN'S JEWELERS
171 CROSSROADS PKWY.
SAVANNAH, GA 31407

PORTFOLIO RECOV. ASSOC., LLC
PO BOX 12914
NORFOLK, VA 23541

HEILIG-MEYERS FURNITURE CO.
ATTN: V. PIGNATORE
12501 PATTERSON AVENUE
RICHMOND, VA 23238

PORTFOLIO RECOV. ASSOC., LLC
PO BOX 41067
NORFOLK, VA 23541

JAMES W. TOLIN, JR
112 SOUTH MAIN STREET
ROXBORO, NC 27573

FRIEDMANS JEWELRY
FRIEDMANS, INC.
PO BOX 703048
DALLAS, TX 75370-3048

MIDLAND
8875 AERO DRIVE
SUITE 200
SAN DIEGO, CA 92123

NATIONALSE
18820 AURORA AV. N. #205
SEATTLE, WA 98133

US CELLULAR
MADISON BLVD
ROXBORO, NC 27573

VANDERBILT MORTGAGE AND FINANCE, INC.
PO BOX 9800
MARYVILLE, TN 37802

JAY B. GREEN
ATTORNEY AT LAW
908 E. EDENTON ST.
RALEIGH, NC 27601